ECF NO. 7

*NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| CHARLES SHEPPARD, | Civil Action No. 21-2631 (RMB) |
| Petitioner, | |
| v. | OPINION |
| JONATHAN GRAMP, and THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | |
| Respondents | |

APPEARANCES:

Martin I. Isenberg
High Ridge Commons
200 Haddonfield-Berlin Road
Suite 200
Gibbsboro, NJ 08026
    On Behalf of Petitioner

Jason Magid
Assistant Camden County Prosecutor
Camden County Prosecutor's Office
25 North Fifth Street
Camden, NJ 08102

and

Maureen Murphy Sullivan
Special Deputy Attorney General and
Acting Assistant Prosecutor
Camden County Prosecutor's Office
200 Federal Street
Camden, NJ 08103
    On Behalf of Respondents

RENÈE MARIE BUMB, CHIEF United States District Judge

This matter comes before the Court upon Petitioner Charles Sheppard's ("Petitioner") petition for writ of habeas corpus under 28 U.S.C. § 2254 (Docket No. 1) and Respondents' motion to dismiss on timeliness grounds ( Docket No. 7.) Respondents argue that Petitioner's habeas petition was filed beyond the one-year time limitation set forth in 28 U.S.C. § 2244(d) and should be dismissed as untimely. (Respts' Brief, Docket No. 7-1 at 11.) Petitioner seeks equitable tolling of the statute of limitations based on attorney oversight and COVID-19 restrictions as the cause of delay in filing. (Petr's Reply Brief, Docket No. 8; Petr's Suppl. Brief, Docket No. 10.) Respondents contend COVID-19 was not an extraordinary circumstance that precluded Petitioner from timely filing his petition, and Petitioner was not diligent in pursuing habeas relief. (Respts' Suppl. Brief, Docket No. 11.) This Court held an evidentiary hearing on April 19, 2023. (Docket No. 26.) For the reasons discussed below, this Court will grant Respondents' motion to dismiss the § 2254 habeas petition on timeliness grounds.

I.      PROCEDURAL HISTORY

On August 6, 2014, a Camden County Grand Jury returned Indictment No. 2323-08-14 against Petitioner, charging first-degree murder and other crimes. (Indictment, Docket No. 7-5.) On April 12, 2016, Petitioner pled guilty to first-degree murder. (JOC, Docket No. 7-6.) On August 24, 2016, Petitioner was sentenced to a term of thirty years in prison with without parole. (*Id.*) On October 14, 2016, Petitioner filed a notice of appeal in the New Jersey Superior Court, Appellate Division. (Notice of Appeal, Docket No. 7-7.) By order dated January 12, 2017, filed on January 18, 2017, the Appellate Division affirmed the judgment of the trial court. (App. Div. Order, Docket No. 7-9.) Petitioner filed a notice of

petition for certification in the New Jersey Supreme Court on February 6, 2017. (Notice of Pet. for Cert., Docket No. 7-10.) By Order filed on May 5, 2017, the New Jersey Supreme Court denied Petitioner's petition for certification on direct appeal. (N.J. Supreme Court Order, Docket No. 7-12.)

Petitioner had ninety days to seek certiorari from the United States Supreme Court. U.S. Sup. Ct. R. 13.1. On August 4, 2017, Petitioner's time for seeking certiorari expired, and his conviction became final pursuant to 28 U.S.C. § 2244(d)(1)(A). *See e.g.*, *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). Petitioner's one-year habeas limitations period began on Monday, August 7, 2017. Fed. R. Civ. P. 6(a)(1); *Wilson v. Beard*, 426 F.3d 653, 663 (3d Cir. 2005) ("Rule 6(a) applies to the AEDPA statute of limitations[.]")

The habeas limitations period was statutorily tolled while Petitioner's PCR petition was pending in state court, beginning on January 9, 2018, when the petition was marked received. (PCR Petition, Docket No. 7-13.) Thus, between the direct appeal and the date of filing the PCR petition, 155 days of the one-year habeas limitations period were used, leaving 210 days. After the PCR court denied the PCR petition on December 14, 2018 (PCR Court Order, Docket No. 7-19), Petitioner had 45 days, or until January 28, 2019, to file a timely appeal in the Appellate Division. N.J. Ct. R. 2:4-1(a). Thus, on January 29, 2019, Petitioner's habeas limitations period resumed, and it was not until April 4, 2019, sixty-five days later, that Petitioner filed a notice of appeal as within time. (Notice of Appeal, Docket No. 7-20.) At that point, Petitioner had 145 days remaining to file his habeas petition, and the limitations period was tolled because the Appellate Division granted his motion to file a notice of appeal as within time. (App. Div. Order, Docket No. 7-24); *see*, *Martin v. Adm'r New Jersey State Prison*, 23 F.4th 261, 271 (3d Cir.), *cert. denied sub*

3

*nom. Martin v. Johnson*, 214 L. Ed. 2d 111, 143 S. Ct. 257 (2022) ("from the expiration of time in which to file a timely appeal and the state court's acceptance of the belated appeal, there is no PCR petition for the state court system to consider.") The period remained tolled until the New Jersey Supreme Court denied petitioner's notice of petition for certification on April 7, 2020, and the order was filed on April 9, 2020. (N.J. S. Ct. Order, Docket No. 7 at 28.) Thus, on April 10, 2020, Petitioner had 145 days remaining to file a timely habeas petition, with his petition due by September 2, 2020. Petitioner, however, did not submit his habeas petition to the prison mailing system for filing until January 29, 2021, 149 days late. (Pet., Docket No. 1 at 16; Respts' Brief, Docket No. 7-1 at 19.)

## II.    DISCUSSION

### A.    The Parties' Arguments

Respondents contend that the existence of COVID-19 in a prison does not entitle a petitioner to equitable tolling of the habeas statute of limitations, unless the petitioner establishes how the pandemic actually prevented timely filing of the habeas petition. (Respts' Brief, Docket No. 7-1 at 20, citing *United States v. Henry*, No. 2:17-CR-00180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020) *cert. of appealability denied*, *United States v. Henry*, No. 21-1285, 2021 WL 3669374 (3d Cir. June 3, 2021)). Petitioner concedes that his habeas petition was untimely and argues that he is entitled to equitable tolling of the statute of limitations. (Petr's Reply Brief, Docket No. 8.) Petitioner submits that, although the New Jersey Supreme Court denied certification on his PCR appeal on April 9, 2020, the New Jersey Public Defender's Office ("Public Defender's Office") did not notify him of that decision until December 1, 2020, when he received a letter advising him to file his habeas petition. (*Id.* at 4; Ex. 3, Docket No. 8 at 10-11, Ex. 3.) Petitioner sought legal assistance

4

from an inmate paralegal in the prison law library, but responses to his requests for legal assistance and supplies were slowed by COVID-19 protocols in the prison. (Petr's Reply Brief, Docket No. 8 at 4.) Petitioner asserts that he could have filed his habeas petition on time if he had been timely notified of the New Jersey Supreme Court's decision. (*Id.*)

On November 30, 2021, this Court ordered supplemental briefing, stating:

> Petitioner has not described how the COVID-19 pandemic may have contributed to the delay by the public defender's office in timely notifying Petitioner of the New Jersey Supreme Court's rejection of his petition, which triggered the running of the statute of limitations period. In the alternative, Petitioner has not described how the COVID-related prison restrictions prevented him from learning of the disposition of his petition for certification in the New Jersey Supreme Court during the eight months it was pending. Finally, Petitioner has not described in sufficient detail how the COVID-related prison restrictions prevented him from immediately filing his petition upon learning of the denial of certification by the New Jersey Supreme Court.

(Order, Docket No. 9 at 4.) In Petitioner's supplemental brief, he explained that movement was significantly restricted in New Jersey State Prison ("NJSP") due to the spread of COVID-19, including the frequency of access to the law library. (Petr's Suppl. Brief, Docket No. 10, ¶ 5.) On December 1, 2020, Petitioner received a letter dated November 24, 2020, from Assistant Deputy Public Defender ("ADPD") Jodi Ferguson. (*Id.*, ¶ 6.) The letter informed Petitioner that the New Jersey Supreme Court denied his petition for certification on April 9, 2020, and the letter included an apology for not informing Petitioner sooner. (*Id.*) Also in the letter, ADPD Ferguson advised Petitioner of his right to a file a petition for writ of habeas corpus in federal court, but she did not advise him that the habeas statute of limitations had already expired. (*Id.*) Petitioner stated that he does not know whether the pandemic played a role in ADPD Ferguson's failure to timely notify him of the New Jersey Supreme Court's denial of his petition for certification in April 2020. (*Id.*) He further stated:

> It was because of the Public Defender Office delay in informing me and the crippling effect that COVID-19 had on the entire prison by reducing all movement and activity that I was late with my filing with this court. Ms. Jodi Ferguson would have to be contacted for that additional information as to why.

(Petr's Suppl. Brief, Docket No. 10, ¶ 7.) When Petitioner received the letter from ADPD Ferguson, he had to wait three days to get a legal access form from his living unit officer. (*Id.*, ¶ 8.) Then Petitioner was not given a pass to the law library until two weeks later. (*Id.*, ¶ 10.) The inmate paralegal who assisted Petitioner explained that he could not start work on Petitioner's habeas petition immediately. (*Id.*) Petitioner returned to the law library two weeks later, but the inmate paralegal requested a few more weeks. (*Id.*) Petitioner mailed the habeas petition as soon as he received it from the inmate paralegal. (*Id.*) Petitioner asserts that he would have been able to go to the law library earlier, but for the COVID-19 restrictions. (*Id.*) Respondents replied that Petitioner did not describe how COVID-19 conditions prevented his timely filing, nor did he meet his burden to establish diligence in pursuing habeas relief. (Docket No. 11 at 2.)

On May 10, 2022, this Court appointed counsel for Petitioner, and an evidentiary hearing was held on April 19, 2023. (Docket Nos. 12, 26.) In his pretrial memorandum, Petitioner argued that because it was more than eight months before the New Jersey Supreme Court ruled on his petition for certification on direct appeal, he could reasonably have believed his petition for certification on PCR appeal would not be decided in only three months. (Docket No. 22 at 6.) Petitioner further contended he could reasonably have believed that the Public Defender's Office and the New Jersey Supreme Court were experiencing delays caused by the pandemic; and it was, therefore, unnecessary to inquire as to the status of his petition. (*Id.*) Finally, Petitioner asserted that it was not "garden variety

6

attorney error" when the Public Defender's Office failed to timely inform him of the New Jersey Supreme Court's decision. (*Id.* at 7.)

### B. The Hearing Testimony

Petitioner testified at the hearing on April 19, 2023, that due to COVID-19 restrictions in NJSP in April 2020, he was confined to his tier 24-hours a day without law library access. The law library was shut down for part of 2020, until it reopened in 2021. When the law library was open, given two or three weeks' notice, an inmate could use the law library for 30 minutes. When the COVID-19 restrictions were in effect at NJSP, Petitioner was able to send and receive mail. In April 2020, Petitioner had access to a telephone during a 30-minute period per day. In June 2020, Petitioner called a judge's clerk in Newark to ask about his state court case. He did not get an answer. In September 2020, Petitioner asked his mother or grandmother to call ADPD Jodi Ferguson's office to ask about the status of the New Jersey Supreme Court decision on his petition. Petitioner learned only that ADPD Ferguson was not in the office that day. Petitioner assumed this meant that his case was pending. Petitioner did not remember whether he had sent any letters to anyone to inquire about the status of his petition for certification in the New Jersey Supreme Court.

After Petitioner received the letter from the ADPD Ferguson in December 2020, he was unable to go to the law library until January 2021, due to COVID-19 restrictions. Based on the inmate paralegal's workload at NJSP, he was unable to prepare Petitioner's habeas petition immediately. The habeas petition was completed on the day it was signed and placed in the prison mailing system by Petitioner. According to the petition, this was on January 29, 2021. (Docket No. 1 at 16.) The petition indicated that it was timely filed because Petitioner exhausted his state court remedies on April 7, 2020. (*Id.*) Petitioner now knows this was

7

incorrect. He concedes that his habeas petition was untimely. Therefore, Petitioner relies solely on equitable tolling to excuse his late filing.

ADPD Jodi Ferguson also testified at the hearing on April 19, 2023. She works for the New Jersey Public Defender's Office, Appellate Section. One of her duties is to notify petitioners of the decisions on their petitions for certification in the New Jersey Supreme Court. In April 2020, due to Covid-19 restrictions, she worked in her office two days a week and outside the office three days a week. A secretary in her office checked the New Jersey Supreme Court's electronically filed orders daily. ADPD Ferguson did not notify Petitioner when the New Jersey Supreme Court first electronically posted the order denying his petition for certification on PCR appeal. She explained that during the pandemic, her office was undergoing renovations. Their file cabinets were misplaced. She was unable to take files home with her, and staff were not in the office every day. Although she checked the NJ ecourts' postings every day, due to an oversight, she failed to advise Petitioner of the New Jersey Supreme Court's decision in April 2020, until she wrote to him in November 2020.

ADPD Ferguson acknowledged that her office was able to send and receive mail during the pandemic, but she testified that there were delays in receiving mail due to the office renovation. She did not know whether Petitioner had sent her any letters between April 2020 and December 2020. Petitioner had not asked her to check her files for letters before the hearing. Furthermore, she was able to receive telephone messages during the pandemic, despite not being in the office every day.

C. **Legal Standard**

The one-year habeas statute of limitations in 28 U.S.C. § 2244(d) is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable

tolling is generally appropriate "when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)). A petitioner bears the burden of establishing two elements for equitable tolling to apply: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The diligence required is reasonable diligence. *Holland*, 560 U.S. at 653. Determining whether a petitioner has exercised "reasonable diligence" is a "fact-specific" inquiry and "depends on the circumstances faced by the particular petitioner." *Munchinski v. Wilson*, 694 F.3d 308, 331 (3d Cir. 2012). "Maximum feasible diligence" is not required, but neither is it permissible for a petitioner to "sleep[] on his rights." *Id.* (citations omitted). Further, "[t]he fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano*, 712 F.3d 784, 799–800, 802 (3d Cir. 2013).

The second element of equitable tolling, extraordinary circumstances, may be found where: "'(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum.'" *Johnson v. Hendricks*, 314 F.3d 159, 162 (3d Cir. 2002) (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (quoting *Fahy*, 240 F.3d at 244). "In addition, for a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary

9

circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross*, 712 F.3d at 803. In the COVID-19 context, "a petitioner must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion." *Henry*, 2020 WL 7332657, at *4, *certificate of appealability denied*, No. 21-1285, 2021 WL 3669374 (3d Cir. June 3, 2021) (citing *Pace*, 544 U.S. at 418)).

### D. Analysis

To determine whether Petitioner met his burden to establish reasonable diligence in pursuing habeas relief, the Court must first consider the circumstances Petitioner faced. As discussed above, his *pro se* prisoner status and ignorance of the law alone do not excuse a lack of reasonable diligence. For equitable tolling to apply, a petitioner may not sleep on his rights. Petitioner understood that he was required to exhaust his state court remedies prior to filing his § 2254 habeas petition. If Petitioner had sought legal advice about the habeas statute of limitations sooner, he would have discovered that under 28 U.S.C. § 2244(d), the one-year habeas limitations period usually will begin to run as soon as direct appeal is final, unless the limitations period is immediately tolled by the proper filing of a post-conviction relief motion. Even cursory research would alert a prospective § 2254 habeas petitioner of the risk that the one-year habeas statute of limitations could potentially expire before state post-conviction proceedings are concluded, in the event that a petitioner's PCR motions and/or appeals were not timely filed, or if there was a period of time when no PCR proceeding was pending after direct appeal was final. Thus, a prospective habeas petitioner must be diligent in discovering how much time remains on the habeas statute of limitations before the conclusion of state post-conviction proceedings. *See*, *Ross*, 712 F.3d at 800 (quoting *Doe v. Menefee*, 391 F.3d 147, 177 (2d Cir.2004) ("Given that we expect pro se petitioners to know when the limitations

period expires ... such inadvertence on Doe's part cannot constitute reasonable diligence.")). Under the equitable tolling doctrine, Petitioner was expected to know 145 days of his habeas limitations period remained when the New Jersey Supreme Court denied his petition for certification. (Pet., Docket No. 1 at 16).

The time remaining in a petitioner's one-year habeas limitations period is a relevant factor in his exercise of reasonable diligence. *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) ("LaCava knew that he had just over three months remaining on the one-year limitations period to file a timely federal habeas petition.") With only 145 days remaining to timely file his § 2254 habeas petition when Petitioner filed his petition in the New Jersey Supreme Court in February 2020,[1] he failed to inquire about the status of his New Jersey Supreme Court petition until June 2020, approximately 120 days later. At that time, Petitioner did not learn that status of his petition from his single phone call. It was unreasonable for Petitioner to wait until September 2020, after more than 145 days had passed since he filed his New Jersey Supreme Court petition, to a make a second attempt to inquire about the status of that petition. And it was certainly unreasonable for Petitioner to conclude that his state court petition remained pending, simply because his family member was unable to reach his public defender by phone one day. Petitioner did nothing further to determine the status of his petition for certification in the New Jersey Supreme Court. Moreover, Petitioner acknowledged that he was able to send and receive mail, despite COVID-19 restrictions during this period. Petitioner testified that he did not remember whether he wrote a letter to

---

[1] Petitioner filed a notice of petition for certification in the New Jersey Supreme Court on February 4, 2020. (Answer, Exhibit 20, Docket No. 7-26.) Petitioner filed a Letter Petition for Certification with supporting materials in the New Jersey Supreme Court on February 24, 2020. (Answer, Exhibit 21, Docket No. 7-27.)

the Public Defender's Office or to the New Jersey Supreme Court. The Third Circuit explained,

> In *Holland*, the Supreme Court concluded that a petitioner's actions were reasonably diligent when, in addition to writing his attorney "numerous" letters and "repeatedly" contacting the courts, its clerks, and the relevant bar association, he prepared his own habeas petition on the same day that he found out that his AEDPA clock had expired and mailed it the next day.

*Martin v. Adm'r New Jersey State Prison*, 23 F.4th 261, 274–75 (3d Cir.), *cert. denied sub nom. Martin v. Johnson*, 214 L. Ed. 2d 111, 143 S. Ct. 257 (2022) (quoting *Holland*, 560 U.S. at 639). In *Martin*, in comparison to *Holland*, the petitioner's unanswered phone calls and bi-annual letters to counsel did not amount to "reasonable diligence" where he had not even received confirmation that his appeal was docketed. *Martin* 23 F.4th at 274. Like *Martin* and unlike *Holland*, Petitioner was not reasonably diligent in pursuing timely habeas relief. Furthermore, a petitioner's failure to receive timely notice from his counsel of a state supreme court's denial of permission to appeal is not an extraordinary circumstance that warrants equitable tolling. *LaCava*, 398 F.3d at 276. The Court notes that COVID-19 restrictions clearly did not cause the delay in Petitioner filing his habeas petition; the delay was caused by an oversight by the Public Defender's Office and Petitioner's lack of diligence.

### III.   CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, reasonable jurists would not find debatable this Court's ruling that equitable tolling of the statute of limitations is not warranted here.  Accordingly, no certificate of appealability shall issue.

### IV. CONCLUSION

For the reasons discussed above, the Court will grant Respondents' motion to dismiss the habeas petition on timeliness grounds, and dismiss the petition

An appropriate order follows.

**DATE:  November 9, 2023**

                                                         s/Renée Marie Bumb
                                                       **RENÉE MARIE BUMB**
                                                        **United States District Judge**