ECF NO. 31

*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHARLES SHEPPARD,<br><br>Petitioner,<br><br>v.<br><br>JONATHAN GRAMP, and THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,<br><br>Respondents | Civil Action No. 21-2631 (RMB)<br><br><br>OPINION |

RENÈE MARIE BUMB, CHIEF United States District Judge

This matter comes before the Court upon *Pro Se* Petitioner Charles Sheppard's ("Petitioner") Motion for Rule 59(e) Reconsideration of Denial of Habeas Corpus Relief. (Mot. for Reconsideration, Dkt. No. 31) and Respondents' brief in opposition to Petitioner's motion for reconsideration (Respt's Brief, Dkt. No. 33.) For the reasons discussed below, the Court will deny Petitioner's motion for reconsideration.

I.   DISCUSSION

Petitioner seeks reconsideration of this Court's opinion and order, dated November 9, 2023 (Dkt. Nos. 27, 28), dismissing Petitioner's petition for writ of habeas corpus under 28 § U.S.C. § 2254 as untimely and finding that Petitioner failed to establish a basis for equitable tolling. (Motion for Reconsideration, Dkt. No. 31.) In support of his motion for reconsideration, Petitioner submitted his own certification, stating his habeas petition was untimely because the COVID-19 conditions in New Jersey State Prison hindered his ability

to obtain paralegal assistance with his petition.  (Sheppard Certification, Dkt. No. 31 a 2-4.)  Respondents oppose relief, asserting that Petitioner has not set forth a proper basis for reconsideration.  (Respt's Brief, Dkt. No. 33.)

      Federal Rule of Civil Procedure 59(e), motion to alter or amend a judgment, permits a party to file a motion to alter or amend judgment, within 28 days after entry of judgment.  "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)).  A party is entitled to relief only by showing one of the following:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Id.* (quotation marks omitted).  "[N]ew evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available."  *Id.* at 415–16 (quotation marks omitted).

      Petitioner has not demonstrated the applicability of any of the three exclusive reasons for reconsideration under Rule 59(e).  Instead, Petitioner is attempting to relitigate this Court's finding that his untimely habeas petition was the result of Petitioner's own lack of reasonable diligence in determining when the running of the statute of limitations period was triggered by the New Jersey Supreme Court's denial of his petition for certification.  (Opinion, Dkt. No. 27.)  Therefore, the Court will deny Petitioner's motion for reconsideration.

## II. CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find debatable this Court's denial of Petitioner's motion for reconsideration on dismissal of his § 2254 habeas petition as barred by the statute of limitations. Accordingly, no certificate of appealability shall issue.

## III. CONCLUSION

For the reasons discussed above, the Court will deny Petitioner's motion for reconsideration for Rule 59(e), and a certificate of appealability shall not issue.

An appropriate order follows.

**DATE:  January 30, 2024**

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
Chief United States District Judge
